1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAYLOR FARMS PACIFIC, INC.,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, et al.,

Respondents.

Case No. 16-cv-00272-TEH

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**

This matter comes before the Court on Petitioner's motion for injunctive relief and Respondents' motion to dismiss. The Court finds these motions suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and now GRANTS Respondents' motion to dismiss for lack of jurisdiction, as discussed below. Because the Court lacks jurisdiction over this case, it cannot and does not reach the merits of Petitioner's motion.

## BACKGROUND

The material facts of this case are not in dispute. On February 19, 2014, the Cannery, Warehousemen, Food Processors, Drivers and Helpers, Local Union No. 601 International Brotherhood of Teamsters ("Union") filed a petition with Region 32 of the National Labor Relations Board ("NLRB" or "Board") seeking certification as the representative of certain employees at Petitioner Taylor Farms Pacific, Inc.'s ("TFP's") facility in Tracy, California. The Union had previously filed with the NLRB several unfair labor practice charges against TFP and two staffing agencies, but it nonetheless agreed to have the election proceed.

A secret ballot election was held on March 27 and 28, 2014. After the polls closed, the Union revoked its agreement to proceed with the election, and Region 32 impounded the ballots before counting them. The Union filed numerous additional unfair labor practice charges over the next several months.

United States District Court
Northern District of California

1       On June 2, 2015, the Union submitted a request to proceed with a ballot count

2    notwithstanding the outstanding unfair labor practice charges, and the ballots were counted

3    on June 16, 2015.  Out of 403 eligible voters, 368 ballots were cast.  Of these, 3 were

4    determined to be void; 154 were cast in favor of the Union; 168 were against the Union;

5    and 43 ballots were challenged.  Given the 14-vote difference between pro- and anti-Union

6    votes, the 43 challenged ballots are potentially determinative of the election.

7       TFP did not file any objections to the election.  Region 32 contends that the Union

8    filed objections on June 29, 2015, but TFP contends that it did not receive copies of the

9    objections until February 9, 2016, and appears to question when the objections were

10   submitted.  In any event, Region 32 returned the objections to the Union as untimely

11   because they were not filed within the seven-day deadline under 29 C.F.R. § 102.69(a).

12      On June 30, 2015, Region 32 sent TFP a proposed stipulation to resolve 33 of the

13   43 challenged ballots.  In the email transmitting the proposal, Region 32 represented that

14   the Union had indicated its willingness to resolve these ballots.  TFP returned an executed

15   copy of the stipulation to Region 32 the following day, but the Union never signed the

16   stipulation.  Thus, contrary to TFP's repeated statements, there was never any agreement to

17   resolve and open these 33 ballots.

18      On July 21, 2015, Region 32 informed TFP and the Union that it had made certain

19   merit determinations concerning several of the pending unfair labor practice charges.

20   Region 32 also stated that it was preparing to seek advice from the NLRB's national

21   Division of Advice on whether the facts of this case, including the Union's failure to file

22   timely objections to the election, supported a bargaining order under *NLRB v. Gissel*

23   *Packing Co., Inc.*, 395 U.S. 575 (1969).[1]

24

25

26          [1] Under *Gissel*, the NLRB may, under certain circumstances, order an employer to
27   bargain with a union even if the union has not won a certified election.  These
     circumstances include "where an employer has committed independent unfair labor
     practices which have made the holding of a fair election unlikely or which have in fact
28   undermined a union's majority and caused an election to be set aside."  395 U.S. at 610.

2

On January 4, 2016, Region 32 notified TFP that the Division of Advice authorized issuance of a complaint concerning the unfair labor practice charges that sought a *Gissel* bargaining order.  Correspondence between TFP and Region 32 followed, in which TFP argued that Region 32 should first count the challenged ballots because, if the Union won the election, a *Gissel* bargaining order would become moot.  Region 32 repeatedly informed TFP that it had not yet decided how to handle the challenged ballots.

On January 15, 2016, TFP filed a petition for writ of mandamus against the NLRB; Richard F. Griffin, in his official capacity as General Counsel for the NLRB; and George Velastegui, in his official capacity as acting Regional Director of Region 32 of the NLRB. TFP argues that Respondents failed to comply with their obligations under 29 C.F.R. § 102.69 by failing to resolve the challenged ballots from the election and failing to certify the election results.

On February 2, 2016, Velastegui issued an order consolidating seventeen pending unfair labor practice charges by the Union against TFP and the two staffing agencies.  That same day, Velastegui issued another order – revised on February 8, 2016, to include the Union's objections to the election as an attachment – that consolidated these seventeen unfair labor practice charges with the Union's objections to the election and the issue of how to resolve the challenged ballots.

Notwithstanding the untimeliness of the Union's objections, Velastegui "made a determination to set for hearing the [Union's] Objections that [TFP's] pre-election conduct contained in the unfair labor practice charges form a basis for setting aside the election." Feb. 8, 2016 Revised Order at 4 (Ex. 10 to Feb. 29, 2016 Stanek Decl.).  He observed that many of the alleged unfair labor practices "are alleged to have destroyed the laboratory conditions necessary for a free and fair election." *Id.*  He determined that the objections and the unfair labor practice charges "constitute a single, overall controversy," such that the consolidated unfair labor practices complaint and the certification case – including both the Union's objections and how to resolve the challenged ballots – should be heard together. *Id.*  All of these matters were noticed for hearing on March 28, 2016, before an

3

United States District Court
Northern District of California

1    administrative law judge of the NLRB.  The hearing was subsequently rescheduled to

2    begin on April 27, 2016, and is anticipated to last several weeks.

3          TFP believes that the NLRB should certify the union representation election, which

4    was held over two years ago, before it considers the unfair labor practice charges pending

5    against it.  Its motion for injunctive relief asks the Court to order Respondents to reject the

6    Union's untimely objections; to resolve the challenged ballots by opening the 33 ballots

7    that TFP contends the parties previously agreed to open and, if necessary, by conducting a

8    hearing if the remaining 10 challenged ballots are determinative of the election; and to

9    certify the election results.  TFP also asks the Court to enjoin the proceedings before the

10   NLRB until after Respondents comply with the requested orders.  Respondents oppose

11   TFP's motion on the merits and also seek dismissal of the petition for lack of jurisdiction.

12

13   **DISCUSSION**

14         Under the National Labor Relations Act ("NLRA" or "Act"), a "final order" of the

15   NLRB concerning an unfair labor practice claim is reviewable by "any United States court

16   of appeals in the circuit wherein the unfair labor practice in question was alleged to have

17   been engaged in, or wherein such person resides or transacts business, or in the United

18   States Court of Appeals for the District of Columbia."  29 U.S.C. § 160(f).  This process

19   "is the exclusive mechanism for federal court review of decisions made in unfair labor

20   practice hearings," and there is "no separate process for obtaining injunctive relief prior to

21   the issuance of a final order."  *Amerco v. NLRB*, 458 F.3d 883, 884, 887 (9th Cir. 2006).

22   Thus, a district court lacks "jurisdiction to enjoin an ongoing unfair labor practices

23   hearing" even when constitutional infirmities in the hearing are alleged.  *Id.* at 884 (finding

24   the question to be "squarely controlled" by the Supreme Court's decision in *Myers v.*

25   *Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938)).[2]

26

27         [2] The Ninth Circuit's continued reliance on *Myers* undermines TFP's argument that
28   *Myers* was abrogated by the subsequent passage of the Administrative Procedure Act or
     the Mandamus Act.

4

United States District Court
Northern District of California

1    Here, TFP seeks review of an action – or, rather, inaction – by the NLRB

2    concerning a representation determination and not an unfair labor practices claim.  Such

3    claims are generally not reviewable even by a court of appeal, let alone a district court:

4         [I]n the normal course of events Board orders in certification
          proceedings . . . are not directly reviewable in the courts. . . .
5         Such decisions, rather, are normally reviewable only where the
          dispute concerning the correctness of the certification
6         eventuates in a finding by the Board that an unfair labor
          practice has been committed as, for example, where an
7         employer refuses to bargain with a certified representative on
          the ground that the election was held in an inappropriate
8         bargaining unit.  In such a case, s 9(d) of the Act makes full
          provision for judicial review of the underlying certification
9         order by providing that "such certification and the record of
          such investigation shall be included in the transcript of the
10        entire record required to be filed" in the Court of Appeals.

11   *Boire v. Greyhound Corp.*, 376 U.S. 473, 476-77 (1964) (quoting 29 U.S.C. § 159(d)).

12   While "this indirect method of obtaining judicial review imposes significant delays upon

13   attempts to challenge the validity of Board orders in certification proceedings, . . . it is

14   equally obvious that Congress explicitly intended to impose precisely such delays."  *Id.* at

15   477-78.

16        TFP's petition asserts jurisdiction under the Administrative Procedure Act, 5 U.S.C.

17   § 702, and the Mandamus Act, 28 U.S.C. § 1361, in conjunction with the general federal

18   question jurisdiction statute, 28 U.S.C. § 1331.  However, a general statute cannot

19   overcome a more specific scheme of review like the one created by the NLRA.  *Staacke v.*

20   *U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988) (declining to find jurisdiction under

21   "other, more general, statutes [that] might seem to grant" jurisdiction, such as 28 U.S.C.

22   § 1331, where statute provided that actions of the Secretary were "not subject to review by

23   . . . a court by mandamus or otherwise"); *Bd. of Trustees of Mem'l Hosp. v. NLRB*, 523

24   F.2d 845, 846 (10th Cir. 1975) ("A general statute does not confer jurisdiction when an

25   applicable regulatory statute precludes it.").

26        TFP relies on *Sparks Nugget, Inc. v. Scott*, 583 F. Supp. 78 (D. Nev. 1984), for the

27   proposition that a district court has jurisdiction where, as here, the petitioner alleges

28   inaction by the NLRB.  However, that court concluded that it lacked jurisdiction under the

1   Administrative Procedure Act and that its "§ 1331 jurisdiction is limited to the issue of

2   whether petitioner's constitutional rights have been violated as a result of the Board's

3   inaction." *Id.* at 85.  The case is therefore unhelpful to TFP, which seeks jurisdiction under

4   the Administrative Procedure Act and does not allege violation of its constitutional rights.

5        In addition, TFP acknowledges that its petition focused on jurisdictional statutes

6   that "address agency delay and refusal to perform clear ministerial duties," but that the

7   posture of this case has since changed:

> At the time TFP initiated this action, Respondents were
> refusing to act regarding [the certification case].  However,
> after TFP initiated this action, Respondents changed the facts
> of this case by surreptitiously docketing untimely objections
> and, thereafter, scheduling a consolidated proceeding on the
> ULP [unfair labor practice] charges, all 43 Challenged ballots
> and the Union's untimely objections (without even serving
> TFP with the untimely objections until after consolidation).

12   Reply in Supp. of Mot. for Inj. Relief & Opp'n to Resp'ts' Mot. to Dismiss at 6.  As a

13   result, TFP now contends that jurisdiction is proper under *Leedom v. Kyne*, in which the

14   Supreme Court held that a district court has jurisdiction to consider a suit to "strike down

15   an order of the Board made in excess of its delegated powers and contrary to a specific

16   prohibition in the Act." 358 U.S. 184, 188 (1958).  This decision rested in part on the

17   Court's conclusion that the union challenging the Board's actions would otherwise lack

18   any ability to obtain judicial review of the challenged actions, and that the Court "cannot

19   lightly infer that Congress does not intend judicial protection of rights it confers against

20   agency action taken in excess of delegated powers." *Id.* at 190.  The Supreme Court later

21   described this lack of a "meaningful and adequate means of vindicating [the union's]

22   statutory rights" as "central" to its decision in *Kyne*.  *Bd. of Governors of Fed. Reserve Sys.*

23   *v. MCorp Fin., Inc.*, 502 U.S. 32, 43 (1991).  Thus, to fall under the exception, "a plaintiff

24   must show, *first*, that the agency has acted 'in excess of its delegated powers and contrary

25   to a specific prohibition' which 'is clear and mandatory,' *Leedom*, 358 U.S. at 188, 79

26   S. Ct. 180, and, *second*, that barring review by the district court 'would wholly deprive [the

27   party] of a meaningful and adequate means of vindicating its statutory rights,' *MCorp*, 502

28   U.S. at 43, 112 S. Ct. 459." *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Fed Serv.*

United States District Court
Northern District of California

1    *Impasses Panel*, 437 F.3d 1256, 1263 (D.C. Cir. 2006) (emphases and alteration in

2    original).  The exception is "construed narrowly." *Cannery Warehousemen, Food*

3    *Processors, Drivers & Helpers for Teamsters Local Union No. 748 v. Haig Berberian,*

4    *Inc.*, 623 F.2d 77, 79 (9th Cir. 1980).

5         In this case, TFP has failed to demonstrate that it meets the second required

6    showing for the exception to apply.[3]  The challenged ballots and the Union's objections to

7    the election have been consolidated into a hearing on the unfair labor practice charges, and

8    that hearing has is scheduled to begin before an NLRB administrative law judge later this

9    month.  The NLRB's decision following the hearing will be reviewable by the Court of

10   Appeals, thereby providing TFP with adequate judicial protection of the rights it contends

11   have been violated.  Accordingly, the narrow exception to non-reviewability created by

12   *Leedom v. Kyne* does not provide this Court with jurisdiction.

13

14   **CONCLUSION**

15        For the reasons set forth above, the Court GRANTS Respondents' motion to

16   dismiss for lack of jurisdiction.  The Court therefore cannot and does not decide TFP's

17   motion for injunctive relief.  The Clerk shall close the file.

18

19   **IT IS SO ORDERED.**

20

21   Dated:   04/13/16                          _____

22                                              THELTON E. HENDERSON
                                                United States District Judge
23

24

25

26        [3] Thus, the Court need not decide whether TFP's allegations of regulatory rather
     than statutory violations are sufficient to meet the first required showing of an action
27   "contrary to a specific prohibition *in the Act*." *Kyne*, 358 U.S. at 188 (emphasis added).
     Likewise, the Court need not resolve whether the alleged regulations are "clear and
28   mandatory." *Id.*

United States District Court
Northern District of California